Troy Hess, also known as Anthony Monjarez,
appellant, v. State of Nebraska, appellee.
___N.W.2d ___

Filed February 28, 2014.    No. S-13-413.

1.  **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.
2.  **Tort Claims Act: Appeal and Error.** The findings of fact of the trial court in a proceeding under the State Tort Claims Act have the effect of jury findings and will not be disturbed on appeal unless they are clearly wrong.
3.  **Statutes: Appeal and Error.** Absent anything to the contrary, an appellate court will give statutory language its plain and ordinary meaning.
4.  ____: ____. When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it.
5.  **Convictions: Sentences: Words and Phrases.** Legal innocence is defined as the absence of one or more procedural or legal bases to support the sentence given to a defendant.
6.  ____: ____: ____. Actual innocence refers to the absence of facts that are prerequisites for the sentence given to a defendant.
7.  **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous.
8.  **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Troy Hess, pro se.

Jon Bruning, Attorney General, and Linda L. Willard for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

Troy Hess filed a pro se action for compensation under the Nebraska Claims for Wrongful Conviction and Imprisonment Act (Act).[1] The district court concluded that Hess failed to

---

[1]  Neb. Rev. Stat. §§ 29-4601 to 29-4608 (Cum. Supp. 2012).

show that he was innocent of the charges for which he claims he was wrongfully convicted and dismissed Hess' petition. We affirm.

## BACKGROUND

On October 30, 1985, Hess was charged with second degree murder in the death of Michael Snell. Hess was found guilty following a jury trial and was sentenced to 30 years' imprisonment. His conviction was upheld on appeal.[2]

This court subsequently decided *State v. Myers*.[3] In *Myers*, we held that malice was an essential element of the crime of second degree murder and that if the jury was not so instructed, reversal of the conviction was required. In accordance with *Myers*, an arrest of judgment was entered in November 1994 vacating Hess' conviction and ordering retrial.

A few months prior to our decision in *Myers*, however, Hess had been charged in Lancaster County District Court with escape, kidnapping, felon in possession of a firearm, and two counts of use of a weapon to commit a felony. He was tried and found guilty on November 7, 1994, and sentenced on all counts, including a life sentence for the kidnapping count. The second degree murder charges with respect to Snell's murder were eventually dismissed.

On July 30, 2009, Hess filed a claim with the State Tort Claims Board, asking for compensation under the Act. That claim was denied. Hess filed suit against the State, alleging that he was entitled to damages of $500,000 for his wrongful conviction for second degree murder. Hess also requested the appointment of counsel.

Hess' request for the appointment of counsel was denied. The State's various motions for summary judgment on the merits were denied. Trial was held on February 11, 2013. The only disputed issue was whether Hess was innocent of the second degree murder charge. Hess, relying on the presumption of innocence in criminal cases, argued that he did not need to

---

[2] *State v. Hess*, 225 Neb. 91, 402 N.W.2d 866 (1987).

[3] *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), *overruled, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

prove his innocence. The district court rejected that argument. After examining the bill of exceptions from Hess' murder trial, the district court found that Hess had not shown that he was innocent of the murder, as required by the Act, and dismissed Hess' petition.

## ASSIGNMENTS OF ERROR

On appeal, Hess assigns, restated and reordered, that the district court erred in (1) requiring Hess to prove his innocence; (2) not finding Hess innocent under the Act; (3) denying his motion for counsel; and (4) considering exhibit 3, Hess' Lancaster County convictions for escape, kidnapping, felon in possession of a firearm, and use of a weapon to commit a felony.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[4]

[2] The findings of fact of the trial court in a proceeding under the State Tort Claims Act have the effect of jury findings and will not be disturbed on appeal unless they are clearly wrong.[5]

## ANALYSIS

### Wrongful Conviction Claim

In his first and second assignments of error, Hess argues that the district court erred in finding that he had the burden to show that he was innocent of second degree murder, and further erred in finding that he was not innocent.

Section 29-4603 provides:

In order to recover under the . . . Act, the claimant shall prove each of the following by clear and convincing evidence:

(1) That he or she was convicted of one or more felony crimes and subsequently sentenced to a term of

---

[4] *State v. Abdulkadir*, 286 Neb. 417, 837 N.W.2d 510 (2013).

[5] *McMullin Transfer v. State*, 225 Neb. 109, 402 N.W.2d 878 (1987).

imprisonment for such felony crime or crimes and has served all or any part of the sentence;

(2) With respect to the crime or crimes under subdivision (1) of this section, that the Board of Pardons has pardoned the claimant, that a court has vacated the conviction of the claimant, or that the conviction was reversed and remanded for a new trial and no subsequent conviction was obtained;

(3) That he or she was innocent of the crime or crimes under subdivision (1) of this section; and

(4) That he or she did not commit or suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another, with respect to the crime or crimes under subdivision (1) of this section, except that a guilty plea, a confession, or an admission, coerced by law enforcement and later found to be false, does not constitute bringing about his or her own conviction of such crime or crimes.

The crux of Hess' argument appears to be that he does not have the burden to show that he was innocent, as required by § 29-4603(3), because he is presumed innocent and the State must prove his guilt.

[3,4] Hess is incorrect. First, it is clear that Hess, and claimants in situations similar to that of Hess, has the burden to show the various elements required under § 29-4603. Absent anything to the contrary, an appellate court will give statutory language its plain and ordinary meaning.[6] When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it.[7]

The opening paragraph of § 29-4603 provides that "the claimant shall prove each of the following by clear and convincing

---

[6] *In re Interest of Zylena R. & Adrionna R.*, 284 Neb. 834, 825 N.W.2d 173 (2012).

[7] *In re Estate of Fries*, 279 Neb. 887, 782 N.W.2d 596 (2010).

evidence." And § 29-4602, the legislative findings for the Act, states that "the Legislature intends by enactment of the . . . Act that persons who can demonstrate that they were wrongfully convicted shall have a claim against the state." Clearly, the burden lies with the claimant under the Act.

Nor does the presumption of innocence have any effect on Hess' burden under § 29-4603(3). As an initial matter, there is no mention of the presumption of innocence in § 29-4603, and more fundamentally, Hess' reliance on the presumption of innocence shows a misunderstanding of the definition of innocence generally.

[5] There are two distinct definitions of innocence—legal and actual. Black's Law Dictionary defines legal innocence as "[t]he absence of one or more procedural or legal bases to support the sentence given to a defendant."[8] Legal innocence is addressed in § 29-4603(2), in that the claimant must show that he or she was pardoned, that the conviction was vacated, or that the conviction was reversed and remanded for retrial and no subsequent conviction was obtained. All of these go to the "absence of one or more procedural bases [that] support the [defendant's] sentence." The presumption of innocence fits within the concept of legal innocence.

[6] "Actual innocence," on the other hand, refers to "[t]he absence of facts that are prerequisites for the sentence given to a defendant."[9] This is what is addressed in § 29-4603(3). In lay terms, actual innocence means that a defendant did not commit the crime for which he or she is charged.

[7] If this court were to interpret subsection (3) as referring to legal, as opposed to actual, innocence, then subsection (3) would be repetitive of subsection (2). But a court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous.[10] In other words, as is noted by the State, "Hess's proposed

---

[8] Black's Law Dictionary 859 (9th ed. 2009).

[9] *Id*.

[10] *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

interpretation would make subsection (3) a tautology of subsection (2)."[11] Under the provisions of § 29-4603, Hess must show both types of innocence.

The presumption of innocence has no application or bearing on the burden imposed upon a claimant under § 29-4603(3) of the Act. The district court did not err in concluding that Hess had the burden to show that he was innocent.

Nor did the district court err in finding that Hess had not shown that he was actually innocent under § 29-4603(3). Hess introduced one exhibit—the docket sheet from his second degree murder conviction and its subsequent vacation and dismissal. But such only goes to make a showing of legal innocence under § 29-4603(2). Hess produced no evidence to show that he was actually innocent of Snell's murder.

Moreover, the State introduced the bill of exceptions from Hess' second degree murder trial. That bill tends to show that Hess committed the crime for which he now alleges he was wrongfully convicted. Hess' conviction and sentence were vacated on the basis of jury instructions regarding malice and not as the result of any definitive conclusion about Hess' guilt in Snell's death.

Hess' first and second assignments of error are without merit.

### APPOINTMENT OF COUNSEL

In his third assignment of error, Hess contends that the district court erred in denying his request for the appointment of counsel. In support of this assertion, Hess cites two Eighth Circuit cases wherein parties appearing in forma pauperis were appointed counsel in civil cases.[12]

As an initial matter, we note that a claim under the Act is a civil action. The plain language of the Act provides that the burden to show entitlement to recovery is on the person who claims he was wrongfully convicted.[13] And the Act provides

---

[11] Brief for appellee at 10.

[12] *In re Lane*, 801 F.2d 1040 (8th Cir. 1986); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

[13] §§ 29-4602 and 29-4603.

that any claim must be brought in accordance with the State Tort Claims Act,[14] which is a civil remedy.[15]

There are limited situations in Nebraska where a civil litigant might be entitled to the appointment of counsel. Of course, the Nebraska Postconviction Act allows a court to appoint counsel.[16] We have also held that an indigent defendant jailed for civil contempt is entitled to counsel,[17] as is an indigent father in a paternity action.[18]

But there is no provision in the Act for the appointment of counsel. Nor do the Eighth Circuit cases cited by Hess provide authority of the appointment of counsel. Federal law gives certain discretion for the appointment of counsel for parties appearing in forma pauperis.[19] Nebraska law contains no similar provision.

The district court did not err when it denied Hess' request for counsel. Hess' third assignment of error is without merit.

Exhibit 3

In his fourth and final assignment of error, Hess argues that the district court erred in considering exhibit 3, Hess' Lancaster County convictions for escape, kidnapping, felon in possession of a firearm, and use of a weapon to commit a felony. Exhibit 3 was admitted during a summary judgment hearing, but was not offered or admitted at trial. The district court referenced these prior convictions in setting forth the factual background surrounding Hess' claim.

Hess argues the district court concluded that because of these prior convictions, Hess was not eligible for compensation under the Act. But the district court made no such finding, and

---

[14] § 29-4607.

[15] Neb. Rev. Stat. § 81-8,209 (Reissue 2008).

[16] Neb. Rev. Stat. § 29-3004 (Reissue 2008).

[17] *Allen v. Sheriff of Lancaster Cty.*, 245 Neb. 149, 511 N.W.2d 125 (1994), *overruled on other grounds*, *Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010).

[18] *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988).

[19] 28 U.S.C. § 1915(e)(1) (2006).

in fact, its order specifically noted that these convictions were unrelated. Hess' argument is without merit.

[8] Even assuming that the district court erred in referencing exhibit 3, such was not reversible error. In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.[20] A review of the order demonstrates that the district court did not consider these convictions in reference to the question presented—whether Hess had made the necessary showing under § 29-4603 to obtain relief under the Act. Instead, the district court's dismissal of Hess' petition was based upon Hess' failure to show by clear and convincing evidence that he was innocent of second degree murder.

Hess' fourth assignment of error is without merit.

## CONCLUSION

The decision of the district court is affirmed.

Affirmed.

---

[20] *Simon v. Drake*, 285 Neb. 784, 829 N.W.2d 686 (2013).

---

In re Interest of Marcella G., a child
under 18 years of age.
State of Nebraska, Department of Health and Human
Services, appellant, v. Marcella G., appellee.
___ N.W.2d ___

Filed February 28, 2014.    No. S-13-644.

1.  **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2.  **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
3.  ____: ____. Absent anything to the contrary, an appellate court will give statutory language its plain and ordinary meaning.
4.  **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.