Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/03/2017 09:08 AM CST

Donna Tryon and Ryan Sellers, appellants,
v. City of North Platte, Nebraska,
et al., appellees.
___ N.W.2d ___

Filed February 3, 2017.    No. S-15-1156.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. ____: ____. When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusions.
3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.
4. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.
5. **Actions: Pleadings.** The rationale for a liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.
6. ____: ____. A plaintiff's allegations do not need to be set forth as a separate claim in the complaint to sustain a cause of action.
7. **Motions to Dismiss.** Even novel issues may be determined on a motion to dismiss for failure to state a claim where the dispute is not as to the underlying facts but as to the interpretation of the law.

8. **Motions to Dismiss: Records.** As a general rule, important questions of novel impression should not be decided on a motion to dismiss when the underlying facts are unclear and development of the record will aid in resolving the legal issues.

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Reversed and remanded for further proceedings.

J.L. Spray and Ryan K. McIntosh, of Mattson Ricketts Law Firm, for appellants.

Douglas L. Stack for appellee City of North Platte.

David Pederson, of Pederson & Troshynski, for appellees Trent Kleinow, Dr. James Smith, and Priority Medical Transport, L.L.C.

Heavican, C.J., Wright, Miller-Lerman, Stacy, Kelch, and Funke, JJ.

Funke, J.

## INTRODUCTION

Donna Tryon and Ryan Sellers (collectively appellants) appeal from a district court order dismissing with prejudice their amended complaint. Appellants seek to invalidate a contract between the City of North Platte, Nebraska (North Platte), and Priority Medical Transport, L.L.C., because North Platte provided insufficient notice of its conflict of interest with Priority Medical Transport before awarding the contract. We conclude the court erred in dismissing appellants' amended complaint, because it contains causes of action under both Neb. Rev. Stat. § 84-1411 (Reissue 2014) of the Open Meetings Act and Neb. Rev. Stat. § 49-14,102 (Cum. Supp. 2016) of the Nebraska Political Accountability and Disclosure Act. Therefore, the court's order dismissing appellants' amended complaint is reversed, and the cause is remanded for further proceedings.

## FACTS

Priority Medical Transport is an ambulance company owned, in two-thirds part, by two employees of the North Platte Fire Department: Trent Kleinow—the assistant fire chief—and Dr. James Smith—the medical director. (Priority Medical Transport, Kleinow, and Smith are hereinafter collectively referred to as "Priority Medical.") In July 2015, Priority Medical applied for a $500,000 grant from the North Platte Quality Growth Fund (Quality Growth Fund). The Quality Growth Fund Citizens Review Committee (CRC) reviews Quality Growth Fund applications and provides recommendations to the North Platte City Council (City Council) on what Quality Growth Fund applications should be approved.

The CRC met, ad hoc, to consider Priority Medical's application. Despite that the application was for a $500,000 grant, the CRC provided a recommendation to the City Council to provide Priority Medical a $350,000 loan. Priority Medical did not revise or refile its application with the Quality Growth Fund to reflect the changes. At its July 2015 meeting, the City Council awarded Priority Medical the $350,000 loan contract.

Appellants filed a complaint in August 2015 alleging that both the CRC and the City Council violated § 49-14,102 by failing to award the contract through an open and public process. Appellants alleged that both the CRC and the City Council provided "bare legal notice" of their meetings. However, appellants specifically contended that neither body provided notice that the contract to be discussed concerned a business owned by public employees. Appellants' complaint neither quoted nor attached the notices provided by the CRC or the City Council.

The court dismissed appellants' complaint without prejudice for failure to state a claim upon which relief could be granted, but allowed them leave to file an amended complaint. The court specifically instructed appellants to make paragraph 28 of their complaint more specific to allege how § 49-14,102(2) was violated.

In November 2015, appellants filed an amended complaint that made substantive changes only to paragraph 28 and again did not include the CRC or the City Council notices or their language. In response, North Platte and Priority Medical (hereinafter collectively appellees) both filed motions to dismiss, under Neb. Ct. R. Pldg. § 6-1112(b)(6), for failure to state a claim upon which relief could be granted. Appellees argued that appellants' admission that North Platte provided "bare legal notice" of the City Council meeting in paragraph 28 showed that North Platte complied with § 49-14,102's notice requirement for an open and public process as a matter of law.

The court dismissed the case with prejudice, explaining that "Plaintiffs cannot amend their Complaint to state a cause of action against any of the Defendants." Appellants perfected a timely appeal.

## ASSIGNMENTS OF ERROR

Appellants assign, restated, that the court erred in (1) implicitly finding the process used and notice given by North Platte in awarding the contract to Priority Medical was through an "open and public process" under § 49-14,102, (2) granting the motion to dismiss with prejudice, and (3) not allowing appellants leave to amend their complaint.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss is reviewed de novo.[1]

## ANALYSIS

[2] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact

---

[1] *First Neb. Ed. Credit Union v. U.S. Bancorp*, 293 Neb. 308, 877 N.W.2d 578 (2016), citing *SID No. 1 v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015).

which may be drawn therefrom, but not the plaintiff's conclusions.[2] Accordingly, for the purpose of reviewing the court's dismissal of the amended complaint, the facts that we have set out in this opinion appear as alleged by appellants.

[3] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.[3] In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.[4]

[4,5] Nebraska is a notice pleading jurisdiction.[5] Civil actions are controlled by a liberal pleading regime.[6] A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.[7] The party is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.[8] The rationale for this liberal notice pleading standard is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.[9]

Appellants argue that the court erred in dismissing their amended complaint, because they are entitled to relief under both § 84-1411 and § 49-14,102.

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *deNourie & Yost Homes v. Frost*, 289 Neb. 136, 854 N.W.2d 298 (2014).

[6] *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), citing *Davio v. Nebraska Dept. of Health & Human Servs.*, 280 Neb. 263, 786 N.W.2d 655 (2010).

[7] *Id.*

[8] *Id.*

[9] *Id.*

Appellants Set Forth Sufficient Facts
for Claim Under § 84-1411

Appellants contend that while they admitted "bare legal notice" was provided under § 84-1411, they still have a plausible cause of action that the description of Priority Medical's loan on the meeting agenda was not "sufficiently descriptive."[10]

Priority Medical points out that appellants did not refer to § 84-1411 in their complaint or at the hearings before the court; so, it argues that the court could not have erred in concluding that appellants failed to state a cause of action under the statute.

[6] Priority Medical is correct in stating that appellants failed to make any reference to § 84-1411 in their amended complaint or at the hearing on the motion to dismiss before the court. However, allegations do not need to be set forth as a separate claim in the complaint to sustain a cause of action.[11] As stated above, fair notice that a claim exists, not the authorizing statute or legal theory, is all that is required to carry a valid claim at the pleading stage. Section 84-1411(1) requires a public body to provide notice of the time and place of its meeting and an agenda that is "sufficiently descriptive to give the public reasonable notice of the matters to be considered at the meeting." Neb. Rev. Stat. § 84-1409(1)(a) (Reissue 2014) defines public bodies as "(i) governing bodies of all political subdivisions of the State of Nebraska [and] (v) advisory committees of the bodies referred to in subdivision[] (i)."

In their amended complaint, appellants made the following allegations regarding the CRC and the City Council:

4. Defendant North Platte ("North Platte") is a city of the First Class in Lincoln County, Nebraska.

. . . .

---

[10] § 84-1411(1).

[11] See *deNourie & Yost Homes, supra* note 5, citing *Ashby v. State*, 279 Neb. 509, 779 N.W.2d 343 (2010). Cf. *Spear T Ranch v. Knaub*, 269 Neb. 177, 691 N.W.2d 116 (2005).

14. The application was first heard by a group called [the] Quality Growth Fund [CRC].

. . . .

20. There is no publically available information on the . . . North Platte municipal website regarding the existence of the [CRC] despite its role in recommending who will receive favorable funding from the North Platte taxpayers. . . .

. . . .

27. At Quality Growth Fund Administrator['s] request, the . . . City Council placed the Priority Medical loan [on] the . . . City Council agenda for its meeting . . . .

As the governing body of North Platte, the City Council is a public body. While appellants did not allege that the CRC is a public body, appellees do not deny that status. Additionally, CRC's role to provide recommendations to the City Council also supports a reasonable inference that it is an advisory committee of the City Council or, at a minimum, an expectation that discovery will provide such evidence. Therefore, for the purposes of the motion to dismiss, arguably both the CRC and the City Council are public bodies that would be required to provide notice under § 84-1411.

Appellants also alleged the following facts about the notice provided by the CRC and the City Council:

15. Other than bare legal notice of the meeting of the Quality Growth Fund [CRC], no notice or publicity was ever provided that public employees were seeking funds from the Quality Growth Fund.

. . . .

28. Other than bare legal notice of the actual . . . City Council meeting itself, no notice or publicity was ever made that would give notice to the public that a business with which an individual who is also a public employee was seeking funds from the Quality Growth Fund prior.

Both of these allegations suggest that appellants, while admitting that the other notice requirements of § 84-1411 were met,

claim that the agenda items were not sufficiently descriptive to provide notice that a contract containing a conflict of interest would be discussed at the meetings. Because the amended complaint focused on notice of public meetings, we believe appellees had fair notice that the Open Meetings Act notice requirements were also at issue.

While setting out the appropriate statute and the allegations regarding each element required therein would have been helpful to appellees and the court, appellants' failure to do so does not defeat the presence of valid claims. While the actual character of the CRC and the actual notice provided by the CRC and the City Council will be essential to the resolution of the case, the factual allegations suggest a reasonable expectation that discovery will reveal them.

Therefore, because appellants have stated claims against the CRC and the City Council under § 84-1411 which are plausible on their face, the court erred in dismissing appellants' complaint with prejudice for failure to state a claim.

## Appellants Set Forth Sufficient Facts for Claim Under § 49-14,102

Appellants also claim that North Platte did not award the contract through an open and public process pursuant to § 49-14,102.

Both appellants and appellees request that we interpret the term "notice" in § 49-14,102(2)'s definition of an open and public process. Appellants contend it should be interpreted to require, at a minimum, that the public be informed of the presence of a conflict of interest before a contract is awarded. Appellees argue that the plain language requires only notice of the meeting and that therefore, appellants' admission of "bare legal notice" on the face of their complaint provides an affirmative defense precluding recovery.

[7,8] We recognize that this court has not previously interpreted the term "notice" in § 49-14,102(2). Even novel issues may be determined on a motion to dismiss where the dispute is not as to the underlying facts but as to the interpretation of

the law.[12] However, as a general rule, important questions of novel impression should not be decided on a motion to dismiss when the underlying facts are unclear and development of the record will aid in resolving the legal issues.[13] The Legislature has not presented a mandatory definition of notice or the language required to satisfy it. Accordingly, analysis of the sufficiency of the notice will necessarily require an evaluation of the actual notice provided. The absence of the actual notices or the language thereof requires that we allow further development of the record before construing the meaning of the statute.

Instead, without interpreting § 49-14,102(2), we consider whether appellants' allegations may support a claim capable of prevailing against a motion to dismiss. Section 49-14,102 includes the following language:

(1) Except as otherwise provided by law, no . . . public employee . . . or business with which the individual is associated shall enter into a contract valued at two thousand dollars or more, in any one year, with a government body unless the contract is awarded through an open and public process.

(2) For purposes of this section, an open and public process includes prior public notice and subsequent availability for public inspection . . . of the proposals considered and the contract awarded.

. . . .

(6) This section prohibits . . . public employees from engaging in certain activities under circumstances creating a substantial conflict of interest. This section is not intended to penalize innocent persons, and a contract shall not be absolutely void by reason of this section.

In their amended complaint, appellants alleged the following: North Platte is a city of the first class in Nebraska;

---

[12] See *Estate of Teague v. Crossroads Co-op Assn.*, 286 Neb. 1, 834 N.W.2d 236 (2013), citing *Madison v. American Home Products Corp.*, 358 S.C. 449, 595 S.E.2d 493 (2004).

[13] See *Madison, supra* note 12. See, also, *Estate of Teague, supra* note 12.

Kleinow and Smith are public employees; Priority Medical Transport is a business with which Kleinow and Smith are associated; the City Council awarded a contract to Priority Medical; the contract awarded to Priority Medical was for $350,000; and the contract was not awarded through an open and public process, because the notice provided was insufficient. Accepting each of these allegations as true, appellants have sufficiently alleged that the contract at issue falls under § 49-14,102 and that the City Council failed to comply with the notice requirement of the statute.

Additionally, Neb. Rev. Stat. § 49-1424 (Reissue 2010) defines a government body as a "council . . . of one or more political subdivisions."

At this stage, appellants' admission that "bare legal notice" of the meeting was provided does not preclude them from recovery, because the statute does not explicitly say an open and public process requires only notice of the meeting.

Therefore, because appellants have stated a claim against the City Council under § 49-14,102, the court erred in dismissing appellants' complaint with prejudice for failure to state a claim.

Because our resolution of this assignment of error necessitates that we reverse the court's order and remand the cause for further proceedings, we do not reach appellants' third assignment of error that the court should have granted them leave to file a second amended complaint.

## CONCLUSION

Appellants' amended complaint contains valid claims under both § 84-1411 and § 49-14,102. Accordingly, the court erred in dismissing appellants' amended complaint for failure to state a claim. Therefore, the court's order dismissing appellants' amended complaint is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CASSEL, J., not participating.