Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/03/2017 09:10 AM CDT

Mohammed Nadeem, appellant, v.
State of Nebraska, appellee.
___ N.W.2d ___

Filed June 27, 2017.    No. A-16-113.

1. **Motions to Dismiss.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element of the claim.
4. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.
5. **Convictions: Sentences: Proof.** Neb. Rev. Stat. § 29-4603(3) (Reissue 2016) requires a claimant to prove actual innocence, or that the claimant did not commit the crime for which he or she was charged, in order to recover under the Nebraska Claims for Wrongful Conviction and Imprisonment Act.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Reversed and remanded for further proceedings.

Jeffry D. Patterson for appellant.

Douglas J. Peterson, Attorney General, and Ryan S. Post for appellee.

Pirtle, Bishop, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Mohammed Nadeem appeals from an order of the district court which dismissed his complaint requesting compensation under the Nebraska Claims for Wrongful Conviction and Imprisonment Act (the Act). See Neb. Rev. Stat. §§ 29-4601 to 29-4608 (Reissue 2016). The issue raised in this case is whether Nadeem's complaint contained sufficient allegations to survive the State's motion to dismiss. Because we find that Nadeem's complaint alleges sufficient facts to state a claim for relief under the Act that is plausible on its face, we conclude that the district court erred when it dismissed the complaint.

## BACKGROUND

In June 2010, a jury found Nadeem guilty of attempted first degree sexual assault, a Class III felony pursuant to Neb. Rev. Stat. §§ 28-201 and 28-319 (Reissue 2008), and attempted third degree sexual assault of a child, a Class I misdemeanor pursuant to § 28-201 and Neb. Rev. Stat. § 28-320.01 (Reissue 2008). Subsequently, the district court sentenced Nadeem to a total of 3 to 6 years' imprisonment for his convictions.

Nadeem's convictions and sentences stem from his interactions with a 14-year-old girl who he approached at a public library when he was 22 years old. The evidence adduced at Nadeem's trial can be summarized as follows:

On August 6, 2009, H.K. was with a friend at a Lincoln public library. H.K. was 14 years old at the time. While H.K. was sitting at a table in a reading room of the

library using her laptop computer, she noticed Nadeem, whom she did not know, standing within a couple feet of her looking at a newspaper and glancing over at her. Shortly thereafter, Nadeem began talking to H.K. and asked several questions, including how old she was, to which she replied 15. Nadeem asked H.K. for her telephone number. When she said it was her mother's number that she could not give him, he asked if he could give her his number, and she testified that she said, "I guess." Nadeem then left the area, and shortly thereafter, he returned and gave H.K. a piece of paper with a name, "John Nadeem," and a telephone number; asked her to call him; and told her he hoped to hear from her and to have a nice day. When H.K.'s mother later picked up H.K. and her friend from the library, H.K. told her mother about her encounter with Nadeem. H.K. and her mother reported the incident to the library and then called the police. The next day, the police asked H.K. to make a controlled call to Nadeem from the police station, which she agreed to do.

H.K. spoke with Nadeem and asked him why he wanted her to call. Nadeem indicated that he wanted to talk to her more and to see her. The conversation continued, and they began discussing what they would do together, which led to Nadeem's indicating that he wanted to touch H.K. When asked how, Nadeem said that he had a "grand collection of ideas" in regard to what type of touching. H.K. then volunteered to Nadeem that she was a virgin, and at that point, Nadeem asked H.K. if she wanted to lose her virginity and when she wanted to lose it. H.K. told him that she did not know how to do that, and he told her it could be done by "sexual stimulation" such as "licking," "kissing," and "fingering." When H.K. stated that she did not know what "fingering" meant, Nadeem said he could not explain it but he could show her. H.K. asked Nadeem three times if they

were going to have "sexual intercourse," but he appeared not to understand that term. When H.K. asked him if he was going to "put his penis in her vagina," he said he could. At H.K.'s suggestion, Nadeem and H.K. agreed to meet at the library about 30 minutes later, and H.K. told him to bring a condom and a can of a particular soda pop. Nadeem was arrested when he arrived at the library, shortly after the call, although he had neither of the requested items.

*State v. Nadeem*, No. A-10-981, 2013 WL 674158 at *1 (Neb. App. Feb. 26, 2013) (selected for posting to court website).

Nadeem appealed his convictions and sentences. Ultimately, this court reversed Nadeem's convictions and sentences after finding that the district court erred in failing to instruct the jury on the entrapment defense for the charge of attempted first degree sexual assault and that Nadeem received ineffective assistance of trial counsel. See *State v. Nadeem, supra*. In reversing Nadeem's convictions, we found: "[T]he sum of the evidence is sufficient to sustain the convictions when viewed most favorably to the State, and therefore, Nadeem may be retried if the State so elects." *Id*. at *15. However, we also found that by the time our opinion was issued, Nadeem was "on the cusp of having served his entire sentence, if he ha[d] not already done so." *Id*. As such, we instructed the district court as follows:

> [J]ustice demands that [Nadeem] be immediately released from incarceration upon a reasonable bond if he has not already been released when our mandate issues. . . . [T]he requirement that he register under the Nebraska Sex Offender Registration Act is also reversed because the convictions which form the basis for that requirement are reversed.

*Id*. at *16.

Based on this court's decision to reverse Nadeem's convictions, on September 9, 2015, Nadeem filed a complaint in the district court alleging that he was entitled to compensation

pursuant to the Act. Specifically, Nadeem alleged that he had been "arrested, prosecuted, convicted, and imprisoned for crimes for which he was legally and actually innocent." Nadeem requested damages in the amount of $500,000. The State filed a motion to dismiss Nadeem's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). In the motion, the State asserted that Nadeem failed to state a claim upon which relief could be granted.

Following a hearing on the State's motion, the district court entered an order dismissing Nadeem's complaint with prejudice. The court found that Nadeem failed to state a cause of action under the Act because he failed to sufficiently allege he was "'actually innocent.'" The court also found that Nadeem could not "cure [this] defect with an amended complaint" because this court had previously stated in *State v. Nadeem*, *supra*, that the evidence presented at trial was sufficient to support Nadeem's convictions.

Nadeem appeals from the district court's order.

## ASSIGNMENTS OF ERROR

On appeal, Nadeem argues, restated and consolidated, that the district court erred in granting the State's motion to dismiss and thereby dismissing his complaint for failure to state a claim.

## STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo. *Bruno v. Metropolitan Utilities Dist.*, 287 Neb. 551, 844 N.W.2d 50 (2014). When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id*.

## ANALYSIS

[3] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted

as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element of the claim. *Id.*

[4] Nebraska is a notice pleading jurisdiction. *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017). Civil actions are controlled by a liberal pleading regime. *Id*. A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.* The party is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id.*

In his complaint, Nadeem asserts that he is entitled to compensation pursuant to the Act. Section 29-4603 provides:

In order to recover under the . . . Act, the claimant shall prove each of the following by clear and convincing evidence:

(1) That he or she was convicted of one or more felony crimes and subsequently sentenced to a term of imprisonment for such felony crime or crimes and has served all or any part of the sentence;

(2) With respect to the crime or crimes under subdivision (1) of this section, that the Board of Pardons has pardoned the claimant, that a court has vacated the conviction of the claimant, or that the conviction was reversed and remanded for a new trial and no subsequent conviction was obtained;

(3) That he or she was innocent of the crime or crimes under subdivision (1) of this section; and

(4) That he or she did not commit or suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another, with respect to the crime or crimes under

subdivision (1) of this section, except that a guilty plea, a confession, or an admission, coerced by law enforcement and later found to be false, does not constitute bringing about his or her own conviction of such crime or crimes.

The parties appear to agree that Nadeem's complaint sufficiently alleges that he was previously convicted of a felony and was imprisoned for approximately 3 years as a result of this conviction, pursuant to § 29-4603(1); that his felony conviction was reversed and he was not retried pursuant to § 29-4603(2); and that he did not commit or suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another pursuant to § 29-4603(4). Accordingly, the only issue we must decide is whether Nadeem sufficiently alleges that he was innocent of attempted first degree sexual assault pursuant to § 29-4603(3). We note that, although Nadeem was previously convicted of both attempted first degree sexual assault and attempted third degree sexual assault of a child, our analysis focuses solely on his conviction for attempted first degree sexual assault because the relief provided under § 29-4603 relates only to prior "felony crimes." Attempted third degree sexual assault of a child was, at the time Nadeem was charged, a Class I misdemeanor, and as a result, it does not qualify as "felony crimes."

[5] The Nebraska Supreme Court has previously found that § 29-4603(3) requires a claimant to prove "actual innocence," or that the claimant "did not commit the crime for which he or she [was] charged," in order to recover under the Act. *Hess v. State*, 287 Neb. 559, 563, 843 N.W.2d 648, 653 (2014). The court defined "actual innocence" to refer to "'[t]he absence of facts that are prerequisites for the sentence given to a defendant.'" *Id.* (quoting Black's Law Dictionary 859 (9th ed. 2009)). Essentially, § 29-4603(3) requires a claimant to prove that he did not commit the crime for which he was charged. *Hess v. State, supra*.

Nadeem was charged with and convicted of attempted first degree sexual assault. In order to prove a person guilty of attempted first degree sexual assault, the evidence must show that the person intentionally engaged in conduct which constituted a substantial step toward subjecting another to sexual penetration when the person was at least 19 years old and the victim was at least 12 years old, but was less than 16 years old. See §§ 28-201 and 28-319. Conduct shall not be considered a substantial step unless it is strongly corroborative of the person's criminal intent. § 28-201(3).

In his complaint, Nadeem alleges that he lacked the criminal intent to subject H.K. to sexual penetration and that he did not engage in a substantial step toward subjecting H.K. to sexual penetration. Specifically, in paragraphs 9 and 11 of Nadeem's complaint, he alleges that his initial conversation with H.K. at the public library was entirely "innocent" and did not include a "'sexual component.'" In paragraph 15 of the complaint, Nadeem alleges that during his telephone conversation with H.K., which police facilitated and initiated, it was H.K. who brought up sex, while Nadeem was confused, hesitant, and uncertain about this topic of conversation. Nadeem also alleges that it was H.K. who suggested meeting Nadeem on that day. Nadeem alleges that although he did go to the library after his telephone call with H.K. and after she asked him to meet her there, he arrived without a condom, which was also requested by H.K.

We acknowledge that in this court's previous opinion, *State v. Nadeem*, No. A-10-981, 2013 WL 674158 (Neb. App. Feb. 26, 2013) (selected for posting to court website), we specifically found that the evidence presented at Nadeem's criminal trial was sufficient to sustain his convictions for attempted first degree sexual assault and for attempted third degree sexual assault. However, in the current appeal, we are analyzing only whether the allegations in Nadeem's complaint are sufficient to state a cause of action under the Act. As such, we are confined to review only the specific allegations in Nadeem's

complaint. We cannot look to evidence outside of the pleadings which may or may not be presented at a subsequent phase of these proceedings. We also cannot assess the nature and quality of the evidence presented in past proceedings to predict the outcome of this action.

During his oral argument, Nadeem's counsel acknowledged the high evidentiary bar that must be reached in this case, particularly given the facts that are likely to be adduced. However, we find it noteworthy that Nadeem has never before testified. In his complaint, Nadeem alleged that he did not have the requisite intent to commit the alleged crime and did not take a substantial step toward committing that crime. As such, he alleges that no crime was actually committed. The decision as to the merits of his claims belong to the finder of fact.

When we view the allegations contained in Nadeem's complaint in their entirety, we conclude that Nadeem included sufficient factual allegations in his complaint to meet the liberal pleading regime of our notice pleading rules. Accordingly, we reverse the district court's decision to dismiss Nadeem's complaint.

## CONCLUSION

Nadeem's complaint alleges sufficient facts to state a claim for relief that is plausible on its face under the Act. Accordingly, the district court erred in dismissing his complaint for failure to state a claim. Therefore, the court's order dismissing the complaint is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BISHOP, Judge, dissenting.

Given the undisputed facts of this case, Nadeem cannot state a plausible claim under the Nebraska Claims for Wrongful Conviction and Imprisonment Act (the Act). The

Act was not created to compensate individuals who, on appeal, obtain a reversal and an opportunity for a new trial as a result of an error occurring at the initial trial. The Act was created to compensate actually innocent people who were convicted and imprisoned for a felony crime they absolutely did not commit. Such situations might include a case of mistaken identity or perhaps cases involving a false confession given under duress and coercion. Subsequent witness, DNA, or other evidence may prove that such persons did not actually commit the crime for which they were convicted. That is not the situation here.

The Act was created so that "persons who can demonstrate that they were wrongfully convicted shall have a claim against the state as provided in the act." Neb. Rev. Stat. § 29-4602 (Reissue 2016). The Legislature found that "innocent persons who have been wrongfully convicted of crimes and subsequently imprisoned have been uniquely victimized [and] should have an available avenue of redress," especially "[i]n light of the particular and substantial horror of being imprisoned for a crime one did not commit . . . ." *Id*. Notably, the statutory language specifically limits recourse under the Act to those persons who did not commit the crime for which he or she was imprisoned. Being actually innocent of committing a crime is quite different from having a jury conviction reversed and the cause remanded for a new trial because of an error occurring during the initial trial.

As explained by our Supreme Court, in order to recover under the Act, "actual innocence" must be proved, which is defined as "'[t]he absence of facts that are prerequisites for the sentence given to a defendant.'" *Hess v. State*, 287 Neb. 559, 563, 843 N.W.2d 648, 653 (2014) (quoting Black's Law Dictionary 859 (9th ed. 2009)). "In lay terms, actual innocence means that a defendant did not commit the crime for which he or she is charged." *Id*. In other words, there can be no facts to support one or more elements of a particular crime. However, if the facts do exist, even if disputed, to support

each element of the crime, then there can be no actual innocence. Such facts exist in this case.

The crime at issue here is attempted first degree sexual assault. As applied to these facts, a conviction for that crime would require evidence that Nadeem attempted to subject H.K. to sexual penetration. See Neb. Rev. Stat. § 28-319 (Reissue 2008). To prove Nadeem attempted to commit this crime, there must be evidence that he engaged in a substantial step toward committing the crime; and, conduct shall not be considered a substantial step unless it is strongly corroborative of Nadeem's criminal intent. See Neb. Rev. Stat. § 28-201 (Reissue 2008).

In the present case, Nadeem does not dispute that he approached H.K. at the library and that H.K. told him she was 15 years old (even though she was 14). This did not deter the 22-year-old Nadeem from giving H.K. his telephone number after asking her whether she had a boyfriend (and "other such small talk," according to his complaint). When H.K. called Nadeem the following day, Nadeem told her he wanted to talk to her and see her, and then they engaged in a sexually explicit discussion of what they would do together, including "licking," "kissing," and "fingering," the latter of which Nadeem said he could not explain to H.K. but he could show her. At H.K.'s suggestion, Nadeem met her at the library about 30 minutes later.

Nadeem does not dispute these facts. Rather, Nadeem's complaint asserts that "[e]ven if pure speculation could give rise to the belief that . . . Nadeem may have had the requisite intent to attempt to sexually assault [H.K.], it was due in total to the inducement of law enforcement. In other words, he was entrapped." However, to the extent Nadeem could have been successful on a defense of entrapment, he would have established only legal innocence, not actual innocence. Such a defense does not erase the existence of the prerequisite facts from which a jury could (and did) conclude that the necessary elements of attempted first degree sexual assault were

met beyond a reasonable doubt. The jury could have reached that same conclusion whether an instruction on entrapment had been given or whether the evidence regarding Nadeem's past behaviors in the library had been excluded. This is because the essential or prerequisite facts to convict Nadeem of attempted first degree sexual assault existed. Nadeem can dispute what the facts mean in terms of his intent, and he can argue entrapment, but these are matters for a jury to decide. Nadeem's arguments do not erase the existence of the underlying facts. Therefore, even under the principles of liberal notice pleading, Nadeem cannot claim the "absence of facts" necessary to establish his actual innocence under the Act. I would affirm the district court's order dismissing Nadeem's complaint.