Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/02/2018 09:15 AM CST

MOHAMMED NADEEM, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.
___ N.W.2d ___

Filed December 8, 2017.    No. S-16-113.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Motions to Dismiss: Pleadings.** For purposes of a motion to dismiss, a court may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.

3. **Pleadings: Complaints.** Documents embraced by the pleadings are materials alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.

4. ____: ____. Documents embraced by the complaint are not considered matters outside the pleadings.

5. **Res Judicata: Judgments.** Res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.

6. **Convictions: Claims: Pleadings.** Under Neb. Rev. Stat. § 29-4603 (Reissue 2016), a party alleging a wrongful conviction claim must plead (1) conviction and sentence for a felony for which the party has served at least part of the sentence; (2) pardon, vacation of the conviction, or reversal and remand without a resulting retrial and conviction; (3) actual innocence of the crime; and (4) that the plaintiff did not commit or suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another, except for coerced confessions or guilty pleas.

7. **Sentences: Words and Phrases.** Legal innocence is defined as the absence of one or more procedural or legal bases to support the sentence given to a defendant.
8. \_\_\_\_: \_\_\_\_. Actual innocence refers to the absence of facts that are prerequisites for the sentence given to a defendant.
9. **Actions: Complaints.** In determining whether a complaint states a cause of action, a court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations.

Petition for further review from the Court of Appeals, Pirtle, Bishop, and Arterburn, Judges, on appeal thereto from the District Court for Lancaster County, Robert R. Otte, Judge. Judgment of Court of Appeals reversed, and cause remanded with directions.

Jeffry D. Patterson for appellant.

Douglas J. Peterson, Attorney General, and Ryan S. Post for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Kelch, J.

## INTRODUCTION

Mohammed Nadeem filed a claim against the State for damages under the Nebraska Claims for Wrongful Conviction and Imprisonment Act.[1] The district court granted the State's motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6) for failure to state a claim. Nadeem appealed to the Nebraska Court of Appeals, which reversed the district court's dismissal.[2] We granted the State's petition for further review. Because Nadeem has not sufficiently pled a claim of actual innocence, we reverse, and remand to the Court of Appeals with directions to affirm the order of the district court.

---

[1] Neb. Rev. Stat. §§ 29-4601 to 29-4608 (Reissue 2016).

[2] *Nadeem v. State*, 24 Neb. App. 825, 899 N.W.2d 635 (2017).

## FACTS

### BACKGROUND

Nadeem was convicted in 2010 of attempted first degree sexual assault and attempted third degree sexual assault of H.K., a minor. These offenses were based on an encounter that Nadeem had with a 14-year-old girl in 2009 when he was 22 years old. The evidence presented at Nadeem's criminal trial is summarized in his original direct appeal,[3] but the facts according to Nadeem's complaint are summarized below.

In 2009, Nadeem met a 14-year-old girl in a public library and engaged in conversation with her. Nadeem asked the girl questions such as how old she was, where she went to school, and whether she had a boyfriend. The girl told Nadeem that she was not allowed to give out her telephone number. Nadeem asked the girl if he could give her his telephone number, and she said, "'I guess.'" Nadeem wrote down his telephone number for her and told her that he hoped she would call.

When the girl told her mother about her interaction with Nadeem, the mother became very upset. She complained to the head librarian, who suggested that she call the police.

The girl's mother did call the police, and the next day, investigators invited the girl and her mother into their headquarters for recorded interviews. The investigators then had the girl make a recorded "'controlled call'" to Nadeem, instructing the girl on what to say and how to respond to Nadeem. According to Nadeem, the purpose of the call was to induce him into a conversation with the girl that involved sexual content. The officers instructed the girl to tell Nadeem to meet her at the library and to bring a condom. Nadeem went to the library as requested, but did not bring a condom. Police met Nadeem there and arrested him.

Nadeem's convictions for attempted first degree sexual assault and attempted third degree sexual assault of a minor

---

[3] *State v. Nadeem*, 19 Neb. App. 565, 809 N.W.2d 825 (2012), *reversed* 284 Neb. 513, 822 N.W.2d 372.

were ultimately vacated by the Court of Appeals.[4] Although the Court of Appeals rejected Nadeem's argument that there was insufficient evidence to sustain his convictions, it reversed Nadeem's convictions and remanded the cause for a new trial based on ineffective assistance of counsel and based on the denial of a jury instruction for the defense of entrapment.[5] The State sought further review with this court in 2013, which we denied. During that time, Nadeem completed his prison sentence.

## WRONGFUL CONVICTION CLAIM

In 2015, Nadeem filed a claim against the State for compensation under the Nebraska Claims for Wrongful Conviction and Imprisonment Act, which claims are filed under the State Tort Claims Act.[6] In part of Nadeem's complaint, he alleged that he had been entrapped. The State then filed a motion to dismiss Nadeem's claim, arguing that the affirmative defense of entrapment is legally insufficient to show *actual* innocence (as opposed to legal innocence), which is a required element of a wrongful conviction claim.[7] The district court granted the motion, and Nadeem appealed.

The Court of Appeals determined that the district court erred in granting the State's motion to dismiss. The majority did not consider whether the defense of entrapment was legally sufficient to show actual innocence. Instead, it noted that Nebraska has a notice pleading system and stated, "[T]he only issue we must decide is whether Nadeem sufficiently alleges that he was [actually] innocent of attempted first degree sexual assault."[8] Because his conviction was for an

---

[4] *State v. Nadeem*, No. A-10-981, 2013 WL 674158 (Neb. App. Feb. 26, 2013) (selected for posting to court website).

[5] *Id.*

[6] See § 29-4607.

[7] See *Nadeem v. State, supra* note 2.

[8] *Id.* at 831, 899 N.W.2d at 639.

attempted crime, the question was whether he "intentionally engaged in conduct which constituted a substantial step toward" the completed crime.[9] The Court of Appeals concluded that because, "[i]n his complaint, Nadeem alleged that he did not have the requisite intent to commit the alleged crime and did not take a substantial step toward committing that crime," he had made sufficient factual allegations to defeat the State's motion to dismiss.[10]

The State's petition for further review contends, among other things, that the Court of Appeals failed to consider its prior opinion in the criminal case, which Nadeem referenced in his complaint. Relevant to this contention, the Court of Appeals said:

> We acknowledge that in this court's previous opinion,[11] we specifically found that the evidence presented at Nadeem's criminal trial was sufficient to sustain his convictions for attempted first degree sexual assault and for attempted third degree sexual assault. However, in the current appeal, we are analyzing only whether the allegations in Nadeem's complaint are sufficient to state a cause of action under the [Nebraska Claims for Wrongful Conviction and Imprisonment] Act. As such, we are confined to review only the specific allegations in Nadeem's complaint. We cannot look to evidence outside of the pleadings which may or may not be presented at a subsequent phase of these proceedings. We also cannot assess the nature and quality of the evidence presented in past proceedings to predict the outcome of this action.[12]

---

[9] *Id.* at 832, 899 N.W.2d at 639.

[10] *Id.* at 833, 899 N.W.2d at 640.

[11] *State v. Nadeem, supra* note 4.

[12] *Nadeem v. State, supra* note 2, 24 Neb. App. at 832-33, 899 N.W.2d at 640.

## ASSIGNMENTS OF ERROR

The State assigns that the Court of Appeals erred (1) in concluding that it was confined to review only the specific allegations in the complaint and (2) by not affirming the district court's dismissal of the complaint.

## STANDARD OF REVIEW

[1] We review a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[13]

## ANALYSIS

### Whether Court of Appeals Erred in Not Considering Its Prior Opinion

The State first argues that the Court of Appeals erred in concluding that it was limited to looking at the face of Nadeem's complaint and could not look to its prior opinion, which the court viewed as "evidence outside of the pleadings."[14] The State argues that the prior opinion is not outside the pleadings because it was "necessarily embraced by the complaint."[15] In support of its argument, the State cites *DMK Biodiesel v. McCoy*.[16]

[2-4] In *DMK Biodiesel*, we held that for purposes of a motion to dismiss, a court may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. We explained that documents embraced by the pleadings are materials alleged in a complaint and whose authenticity no party questions, but which are not physically

---

[13] *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017).

[14] *Nadeem v. State, supra* note 2, 24 Neb. App. at 833, 899 N.W.2d at 640.

[15] Memorandum brief for appellee in support of petition for further review at 4.

[16] *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013).

attached to the pleadings.[17] These documents are "not considered matters outside the pleadings."[18]

We agree with the State that the Court of Appeals' prior opinion is "embraced by the complaint." In Nadeem's complaint, he cites to the Court of Appeals' 2013 opinion and refers to numerous statements made by the court in that opinion. Further, no party questions the authenticity of the opinion. Thus, to the extent that the Court of Appeals suggested that it could not consider the opinion in determining whether Nadeem's complaint sufficiently alleged facts to state a cause of action, it was in error. However, as will be explained below, only limited portions of the opinion by the Court of Appeals are relevant to the matter before us.

## Whether Court of Appeals Erred in Reversing District Court's Dismissal

We next address the State's argument that the Court of Appeals erred in not affirming the district court's dismissal because the "facts [from the Court Appeals' prior opinion] show Nadeem cannot . . . establish his actual innocence."[19]

[5] Although the Court of Appeals could have considered its prior opinion, wherein it found that there was sufficient evidence to sustain Nadeem's conviction, the prior opinion does not necessarily preclude Nadeem from alleging actual innocence under § 29-4603(3),[20] since his vacated conviction does not have any res judicata effect on his current claim. Res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent

---

[17] See *id.*

[18] *Id.* at 980, 830 N.W.2d at 496.

[19] Memorandum brief for appellee in support of petition for further review at 5.

[20] See Neb. Rev. Stat. § 29-4603(3) (Reissue 2016) (that "he or she was innocent of the crime or crimes").

jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.[21] Here, although a final judgment was entered by the jury, the judgment has since been vacated and has thus been deprived of its conclusive character.[22]

The relevant issue at this stage of the litigation is whether Nadeem's complaint sufficiently placed the State on notice of his wrongful conviction claim by setting forth "a short and plain statement of the claim" showing that he is entitled to relief.[23]

[6] Under § 29-4603, a party alleging a wrongful conviction claim must plead (1) conviction and sentence for a felony for which the party has served at least part of the sentence; (2) pardon, vacation of the conviction, or reversal and remand without a resulting retrial and conviction; (3) actual innocence of the crime; and (4) that the plaintiff "did not commit or suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another," except for coerced confessions or guilty pleas.

The State does not dispute that Nadeem sufficiently alleged that he was convicted of and sentenced for a felony and served at least part of the sentence, that the conviction was vacated and the cause remanded without a resulting retrial and conviction, and that he did not commit or suborn perjury or fabricate evidence. However, the State does argue that Nadeem has not sufficiently alleged facts to support a finding of actual innocence.

---

[21] *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998).

[22] See 50 C.J.S. *Judgments* § 958 at 282 (2009) ("[a]s a general rule, when a judgment has been reversed on appeal, or vacated or set aside by the court which rendered it, it is deprived of its conclusive character . . .").

[23] See Neb. Ct. R. Pldg. § 6-1108(a).

[7,8] First, in *Hess v. State*,[24] we delineated two distinct definitions of innocence—legal and actual. Legal innocence is defined as "'[t]he absence of one or more procedural or legal bases to support the sentence given to a defendant,'"[25] whereas actual innocence refers to "'[t]he absence of facts that are prerequisites for the sentence given to a defendant.'"[26] In other words, actual innocence means that a defendant did not commit the crime for which he or she is charged.[27] Or, as the U.S. Supreme Court has explained, "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime."[28] Accordingly, a defendant must plead more than lack of intent to establish actual innocence.

[9] In determining whether a complaint states a cause of action, we are free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations.[29] Several of the allegations in Nadeem's complaint contain quotations from the Court of Appeals' opinion, wherein the Court of Appeals evaluated the evidence from Nadeem's criminal trial. These are not factual allegations, but conclusions drawn by the Court of Appeals from evidence presented at Nadeem's criminal trial, and thus, we do not consider them when evaluating his complaint.

In addition, several of the allegations in Nadeem's complaint contain conclusory phrases, such as "hysterical speculation

---

[24] *Hess v. State*, 287 Neb. 559, 843 N.W.2d 648 (2014).

[25] *Id.* at 563, 843 N.W.2d at 653 (quoting Black's Law Dictionary 859 (9th ed. 2009)).

[26] *Id.*

[27] *Hess v. State, supra* note 24.

[28] *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992).

[29] *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005).

and overreaction," "entirely innocent," "complete absence of any evidence," and "could not possibly be 'ready and willing.'" In evaluating Nadeem's complaint, we do not consider the information imparted by these unsupported conclusions.

Nadeem's complaint does set forth that "[o]n August 6, 2009, . . . Nadeem engaged [H.K.] in an innocent conversation while she was sitting in an open, public area of [a] Library." But after reviewing Nadeem's entire complaint and the Court of Appeals' opinion, we discern that Nadeem's reference to the August 6 encounter clearly describes only the initial contact Nadeem had with H.K. His complaint does not set forth how his later telephone conversation with H.K. or his going to meet H.K. at the library for a second time would reflect his actual innocence.

Excluding from Nadeem's complaint conclusions drawn by the Court of Appeals and his own conclusory allegations, his complaint does not allege an *absence of facts* which reflects his actual innocence as we required in *Hess*.[30] Even after drawing all reasonable inferences of law and fact from Nadeem's pleadings in his favor, we find Nadeem has not sufficiently pled a claim of actual innocence.

## CONCLUSION

For the reasons set forth above, we reverse the decision of the Court of Appeals that reversed the district court's order dismissing Nadeem's complaint and remand the cause to the Court of Appeals with directions to affirm the order of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., not participating.

---

[30] *Hess v. State, supra* note 24.