ROSIE RODRIGUEZ, APPELLANT, V. JESS C. NIELSEN,
DOING BUSINESS AS NIELSEN & BIRCH, APPELLEE.

650 N.W.2d 237

Filed August 9, 2002.   No. S-01-612.

Lori L. Phillips, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Stephen W. Kay and Harold W. Kay, of Kay and Kay, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Rosie Rodriguez brought this malpractice action against her former attorney, Jess C. Nielsen, alleging that his representation of her in a misdemeanor criminal action was negligent. The district court sustained Nielsen's demurrer to Rodriguez' fourth amended petition and gave her 20 days to amend. She did not further amend, and the case was dismissed. Rodriguez appeals.

## SCOPE OF REVIEW

■ Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002).

## FACTS

In November 1996, Rodriguez filed suit against Nielsen. The district court sustained Nielsen's demurrer, and Rodriguez filed an amended petition alleging, among other things, that Nielsen owed her a duty of care to represent her in a competent manner, that Nielsen was negligent in the performance of such duty, and that Nielsen's negligence was the proximate cause of Rodriguez' damages. Part of Nielsen's answer alleged that Rodriguez' amended petition failed to state a cause of action.

Nielsen then filed a motion for summary judgment, alleging there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law. The district court sustained the summary judgment motion, and Rodriguez appealed. We reversed the judgment and remanded the cause

with directions, concluding that Rodriguez should have been given the opportunity to amend her petition. *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368 (2000).

On remand, the district court sustained Nielsen's demurrer to Rodriguez' fourth amended petition. When Rodriguez did not further amend, the court dismissed her petition. Rodriguez timely appealed.

## ASSIGNMENT OF ERROR

Rodriguez claims the district court erred in finding that she failed to allege sufficient facts to support her allegation of innocence.

## ANALYSIS

This matter is before us following the dismissal of Rodriguez' fourth amended petition. The relevant portions of the petition alleged:

14. That the Plaintiff was not guilty of the charges for which she was convicted for the following reasons:

A. That on the date the alleged assault took place Michelle Mora, the alleged victim, was present with her mother at the mall in North Platte, yelling obscenities at the Plaintiff and her daughter and threatening the Plaintiff and her daughter with statements such as "I'm going to kick your ass."

B. That the Plaintiff and her daughter attempted to leave the mall in order to avoid a confrontation with the alleged victim and her mother when Michelle Mora grabbed the Plaintiff by the arms and prevented her from leaving the mall.

C. That the Plaintiff made numerous requests for Michelle Mora to let her go, and that Michelle Mora's response was to squeeze the Plaintiff's arms so hard her fingernails broke the skin on her left arm.

D. That in order to free herself from Michelle Mora's grasp and to protect herself from Michelle Mora the Plaintiff had to use force to repel the alleged victim.

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as

alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Tilt-Up Concrete v. State City/Federal*, 261 Neb. 64, 621 N.W.2d 502 (2001). We therefore review Rodriguez' fourth amended petition to determine whether the district court erred in sustaining Nielsen's demurrer. The question is whether Rodriguez has alleged facts that support her allegation of innocence. This is a question of law; therefore, we will reach a conclusion independent of that of the district court. See *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002).

Generally, in civil legal malpractice actions, a plaintiff alleging attorney negligence must prove three elements: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client. *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368 (2000); *Patterson v. Swarr, May, Smith & Anderson*, 238 Neb. 911, 473 N.W.2d 94 (1991). However, in cases involving alleged malpractice in the defense of a criminal matter, a convicted criminal who files a legal malpractice claim against his or her defense counsel must also allege and prove that he or she is innocent of the underlying crime. See *Rodriguez, supra*. In *Rodriguez*, we set forth the allegations required to state a cause of action for legal malpractice by a convicted criminal against his or her defense lawyer. The convicted criminal must, in addition to the usual requirements of employment, duty, breach, proximate cause, and damage, allege facts supporting an allegation of innocence. See *id*. Therefore, to properly state a cause of action, Rodriguez must allege facts to demonstrate innocence of the underlying crime of which she was convicted.

A petition need not state a cause of action or defense in any particular form as long as the petition states in a logical and legal manner the facts which constitute the cause of action, define the issues to which the defendant must respond at trial, and inform the court of the real matter in dispute. *Nuss v. Alexander*, 257 Neb. 36, 595 N.W.2d 263 (1999). It is the facts well pled, not the theory of recovery or legal conclusions, which state a cause of

action. *Id.*, quoting *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993).

In *Rodriguez*, 259 Neb. at 271, 609 N.W.2d at 373-74, we stated:

> Unless a plaintiff can establish his or her innocence of the underlying criminal charges, the law views the criminal conduct as the legal cause of damages, and not the attorney's malpractice. . . . Thus, public policy prohibits a convicted criminal from bringing a malpractice action against his or her attorney because allowing such a claim would provide the criminal with an opportunity to profit either directly or indirectly from his or her criminal conduct.

(Citations omitted.)

In considering the demurrer, we are required to give Rodriguez the benefit of all reasonable inferences from the facts alleged in her fourth amended petition. Rodriguez does not allege actual innocence or set forth any facts that would establish her actual innocence. Instead, she alleges that she acted in self-defense. Justification of the use of force in self-defense is a statutorily defined affirmative defense in Nebraska. *State v. Owens*, 257 Neb. 832, 601 N.W.2d 231 (1999). Neb. Rev. Stat. § 28-1409(1) (Reissue 1995) provides that "the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."

Rodriguez has not denied that she committed the acts but has implied that the acts were the result of a reasonable and good faith belief in the necessity of using force and that the force used was immediately necessary and justified under the circumstances. See *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999). Giving Rodriguez the benefit of all reasonable inferences from the facts alleged, she has not alleged and cannot prove actual innocence.

Rodriguez did not allege that she was absent at the time of the incident or that she did not commit the acts which occurred. Instead, Rodriguez alleged she committed the acts but that the acts were in self-defense. In the context of this civil malpractice action, these allegations of fact do not demonstrate actual

innocence. Therefore, Rodriguez' allegations do not establish that she is innocent of the crime of which she was convicted.

## CONCLUSION

The district court did not err in sustaining the demurrer and dismissing Rodriguez' petition when she failed to amend. The judgment of the district court is affirmed.

AFFIRMED.