Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/08/2019 08:08 AM CST

Charlene Marie, appellant, v.
State of Nebraska, appellee.
___ N.W.2d ___

Filed February 8, 2019.    No. S-18-488.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. ____: ____. When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusions.
3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that it plausible on its face.
4. **Judgments: Jurisdiction: Claim Preclusion.** Claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.
5. **Claim Preclusion.** The doctrine of claim preclusion bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.
6. ____. The doctrine of claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.

Appeal from the District Court for Sheridan County: Travis P. O'Gorman, Judge. Affirmed.

Daniel H. Friedman and Stephen A. Sael, of Friedman Law Offices, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Danielle Rowley for appellee.

Joshua I. Schwartz, of George Washington University Law School, Sarah P. Newell, of Nebraska Criminal Defense Attorneys Association, and Amy Miller, of American Civil Liberties Union of Nebraska Foundation, for amici curiae Professor Joshua I. Schwartz et al.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Heavican, C.J.

## INTRODUCTION

Charlene Marie filed a claim for damages under the Nebraska Claims for Wrongful Conviction and Imprisonment Act (Act).[1] That claim was denied. Marie appeals. At issue on appeal is whether Marie can show that she was innocent of the crimes, as required by § 29-4603(3). We affirm.

## FACTUAL BACKGROUND

Marie was convicted in 1999 for use of a deadly weapon to commit a felony and terroristic threats. She was sentenced to 2 to 15 years' imprisonment for the use conviction and 2 to 5 years' imprisonment for the terroristic threats conviction. The alleged victim of her crimes was Marie's husband, Kurt Oldenburg.

Marie appealed her sentences as excessive, and the Nebraska Court of Appeals agreed and resentenced her to 1 year's imprisonment on each conviction.[2] Because Marie had already served 2 years' imprisonment, she was released.[3] Marie was later pardoned by the Nebraska Board of Pardons on October 3, 2016.

---

[1] Neb. Rev. Stat. §§ 29-4601 to 29-4608 (Reissue 2016).

[2] *State v. Oldenburg*, 10 Neb. App. 104, 628 N.W.2d 278 (2001).

[3] *Id.*

Marie then filed a petition seeking damages under the Act. In that motion, Marie alleged that she was convicted, sentenced, served part of her sentence, and was pardoned and that she did not commit or suborn perjury, fabricate evidence, or knowingly make a false statement to cause her own conviction or the conviction of others.

Marie alleged that she was "actually innocent of the crimes for which she was wrongfully charged, convicted, sentenced, and imprisoned [and that she] did not threaten to commit any crime of violence with the intent to terrorize." She further alleged that Oldenburg "lunged toward [her] and [as] she attempted to move the gun away[, he] grabbed [her] arm and the gun . . . discharged, injuring . . . Oldenburg [which] forced [her] to take the actions that she did."

The State filed a motion to dismiss. At issue before the district court was whether Marie had, or could, show that she was innocent of the crimes for which she was charged, as required by § 29-4601(3). The Sheridan County District Court concluded that Marie could not prove that she was actually innocent and dismissed her complaint. Marie appeals.

## ASSIGNMENTS OF ERROR

Marie alleges that the district court erred in finding that she could not prove "actual innocence" under the Act and accordingly dismissing her complaint.

## STANDARD OF REVIEW

[1-3] A district court's grant of a motion to dismiss is reviewed de novo.[4] When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusions.[5] To prevail against a motion to dismiss for

---

[4] *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017).

[5] *Id.*

failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that it plausible on its face.[6]

## ANALYSIS

Before we turn to Marie's arguments on appeal, some background on the Act, and our case law on it, is helpful.

Section 29-4602 sets forth the purpose of the Act:

> The Legislature finds that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been uniquely victimized, have distinct problems reentering society, and have difficulty achieving legal redress due to a variety of substantive and technical obstacles in the law. The Legislature also finds that such persons should have an available avenue of redress. In light of the particular and substantial horror of being imprisoned for a crime one did not commit, the Legislature intends by enactment of the . . . Act that persons who can demonstrate that they were wrongfully convicted shall have a claim against the state as provided in the [A]ct.

Section 29-4603 sets forth the requirements for an individual to recover under the Act:

> In order to recover under the . . . Act, the claimant shall prove each of the following by clear and convincing evidence:
>
> (1) That he or she was convicted of one or more felony crimes and subsequently sentenced to a term of imprisonment for such felony crime or crimes and has served all or any part of the sentence;
>
> (2) With respect to the crime or crimes under subdivision (1) of this section, that the Board of Pardons has pardoned the claimant, that a court has vacated the conviction of the claimant, or that the conviction was

---

[6] *Id.*

reversed and remanded for a new trial and no subsequent conviction was obtained;

(3) That he or she was innocent of the crime or crimes under subdivision (1) of this section; and

(4) That he or she did not commit or suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another, with respect to the crime or crimes under subdivision (1) of this section, except that a guilty plea, a confession, or an admission, coerced by law enforcement and later found to be false, does not constitute bringing about his or her own conviction of such crime or crimes.

We examined the Act in *Hess v. State.*[7] There, the claimant argued that he did not have the burden to show that he was innocent, as required by § 29-4603(3), because he was presumed innocent, and that the State was required to prove his guilt. We rejected that claim, noting the difference between legal and actual innocence as set forth by the Act. We observed that § 29-4603(2) addressed legal innocence, while § 29-4603(3) addressed actual innocence, and explained that the presumption of innocence fit with the former. In *Hess*, we also defined actual innocence to mean, in lay terms, that a "defendant did not commit the crime for which he or she is charged."[8]

We also discussed the Act in *Nadeem v. State.*[9] There, we held that the claimant failed to allege an absence of facts which reflected his actual innocence. We noted that a defendant must plead more than a lack of intent to establish actual innocence.

The primary issue on appeal is whether Marie's amended complaint sufficiently alleged that she was actually innocent,

---

[7] *Hess v. State*, 287 Neb. 559, 843 N.W.2d 648 (2014).

[8] *Id.* at 563, 843 N.W.2d at 653.

[9] *Nadeem v. State*, 298 Neb. 329, 904 N.W.2d 244 (2017).

and further, whether she could prove that she was actually innocent. The State argued, and the district court agreed, that "there [was] no set of circumstances under which Marie [could] prove she [was] actually innocent of the crimes for which she was convicted of," because "Marie's attempt to relitigate the night of July 30, 1998, is barred by the doctrine of res judicata." The district court further explained that this court had noted in *Nadeem* that res judicata, or claim preclusion, was not a bar to the wrongful conviction claim at issue, because the judgment of conviction had been vacated and deprived of its conclusive character. The district court noted:

> The same cannot be said in Marie's case.
>
> In this case, Marie's convictions were not vacated or deprived of their conclusive character. She received a pardon. . . . [A] pardon does not vacate a conviction or deprive the conviction of its conclusive character. Rather, a pardon eliminates punishment. Marie cannot establish actual innocence.

[4-6] On appeal, Marie argues that claim preclusion is inapplicable to a claim under the Act. Claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.[10] The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.[11] The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.[12]

---

[10] *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018).

[11] *Id.*

[12] *Id.*

We agree with Marie. The practical effect of the district court's reasoning is that a person whose conviction is reversed or vacated is not confined by the strictures of claim preclusion, while a person who is pardoned is not. Such is inconsistent with the language of the Act. By its terms, the Act is potentially available to anyone who "has [been] pardoned [or] a court has vacated the conviction . . . or . . . the conviction was reversed and remanded for a new trial and no subsequent conviction was obtained."[13] To allow claim preclusion to bar individuals who have been pardoned, but find that claim preclusion has no preclusive effect on the latter categories, reads "has [been] pardoned" right out of the Act.

Moreover, read in connection with its purpose, the Act modified the regular operation of claim preclusion. The point of the Act, after all, is to allow someone to show their innocence after a time when a fact finder has previously established their guilt.

We conclude that the district court's reliance on claim preclusion was erroneous. But we nevertheless find no error in the district court's ultimate dismissal of Marie's complaint. In her complaint, Marie alleges that she was actually innocent of the crime for which she was convicted, because she acted in self-defense and thus had not formed the requisite intent.

As relevant, § 29-4603 requires that a party seeking to recover for a wrongful conviction show both that he or she was pardoned, or that a conviction was vacated or was reversed and remanded for a new trial and no subsequent conviction was obtained, and also that he or she was innocent of the crime or crimes.[14] We explained in *Hess* that § 29-4603(2) deals with legal innocence, while § 29-4603(3) deals with actual innocence. We further defined actual innocence to mean that the "defendant did not commit the crime for which he or she is

---

[13] § 29-4603(2).

[14] § 29-4603(2) and (3).

charged."[15] Thus, we concluded in *Hess* that the term "innocent" as used in § 29-4603(3) was synonymous with actual innocence for purposes of the Act.

We discussed self-defense and actual innocence in *Rodriguez v. Nielsen*.[16] In that case, the plaintiff filed a malpractice claim against her criminal defense attorney, alleging that counsel committed malpractice by not arguing that she was not guilty of assault because she acted in self-defense. To prevail on her claim of malpractice, the plaintiff was required to prove that she was actually innocent. We concluded that she could not do so, noting that she

> did not allege that she was absent at the time of the incident or that she did not commit the acts which occurred. Instead, [the plaintiff] alleged she committed the acts but that the acts were in self-defense. In the context of this civil malpractice action, these allegations of fact do not demonstrate actual innocence.[17]

Though in *Rodriguez* we did not explicitly identify it as such, our decision suggests that actual innocence is akin to factual innocence—in other words, where the State has convicted the wrong person.[18] Indeed, this is the prototypical example of actual innocence.[19] Treating these terms as synonymous, at least for purposes of the Act, is consistent with U.S. Supreme Court case law, wherein the Court has observed that actual innocence means factual and not legal innocence.[20] We additionally observe that we have held that a defendant

---

[15] *Hess v. State, supra* note 7, 287 Neb. at 563, 843 N.W.2d at 653.

[16] *Rodriguez v. Nielsen*, 264 Neb. 558, 650 N.W.2d 237 (2002).

[17] *Id*. at 562-63, 650 N.W.2d at 241.

[18] See, e.g., *Beavers v. Saffle*, 216 F.3d 918 (10th Cir. 2000).

[19] *Nadeem v. State, supra* note 9. See *Sawyer v. Whitley*, 505 U.S. 333, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992).

[20] See, e.g., *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *Sawyer v. Whitley, supra* note 19.

must plead more than a lack of intent to establish actual innocence.[21]

Here, as in *Rodriguez*, Marie alleges that she acted in self-defense. This defense does not inform her claim of actual innocence, but is relevant to a claim of legal innocence. Moreover, Marie does not allege that someone else shot Oldenburg or that she is otherwise factually innocent, but alleges that she acted in self-defense and that her actions lacked the requisite intent. This is insufficient to allege that she was innocent under § 29-4603(3) of the Act.

Although our reasoning differs from that of the district court, the district court did not err in dismissing Marie's petition, and we accordingly affirm.

## CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

FREUDENBERG, J., not participating.

---

[21] *Nadeem v. State, supra* note 9.