Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/20/2021 08:07 AM CDT

David B. Doerr, appellant, v. Philip Chaffee,
doing business as Falls City Aero
Service, appellee.

___ N.W.2d ___

Filed April 20, 2021.    No. A-19-987.

1. **Judgments: Claim Preclusion: Issue Preclusion: Appeal and Error.**
   The applicability of claim and issue preclusion is a question of law. On
   a question of law, an appellate court reaches a conclusion independent
   of the court below.
2. **Judgments: Jurisdiction: Claim Preclusion.** Claim preclusion bars
   relitigation of any right, fact, or matter directly addressed or necessarily
   included in a former adjudication if (1) the former judgment was ren-
   dered by a court of competent jurisdiction, (2) the former judgment was
   a final judgment, (3) the former judgment was on the merits, and (4) the
   same parties or their privies were involved in both actions.
3. **Claim Preclusion.** The doctrine of claim preclusion bars relitigation not
   only of those matters actually litigated, but also of those matters which
   might have been litigated in the prior action.
4. ____. The doctrine of claim preclusion rests on the necessity to termi-
   nate litigation and on the belief that a person should not be vexed twice
   for the same cause.
5. ____. Claim preclusion bars the relitigation of a claim that has been
   directly addressed or necessarily included in a former adjudication.
6. **Issue Preclusion.** Issue preclusion bars the relitigation of a finally
   determined issue that a party had a prior opportunity to fully and
   fairly litigate.
7. **Claim Preclusion: Issue Preclusion.** While claim preclusion and issue
   preclusion are similar and serve similar purposes, they are distinct.
   Among other differences, claim preclusion looks to the entire cause of
   action, but issue preclusion looks to a single issue.
8. **Claim Preclusion: Actions.** The basis of the doctrine of claim preclu-
   sion is that the party to be affected, or someone with whom he or she

is in privity, has litigated or has had an opportunity to litigate the same matter in a former action.

9. **Claim Preclusion: Issue Preclusion.** Both claim preclusion and issue preclusion require an identity or privity of parties.

Appeal from the District Court for Richardson County: Julie D. Smith, Judge. Affirmed.

Jeffrey A. Gaertig, of Smith, Schafer, Davis & Gaertig, L.L.C., for appellant.

Lindy L. Mahoney and Steven J. Mercure, of Nestor & Mercure, for appellee.

Bishop, Arterburn, and Welch, Judges.

Welch, Judge.

## INTRODUCTION

David B. Doerr appeals the Richardson County District Court's order dismissing his complaint with prejudice on the ground that his claims were barred by the doctrine of claim preclusion. For the reasons set forth here, we affirm.

## STATEMENT OF FACTS

Due to the issues raised in this appeal regarding claim preclusion, this court's determination necessarily involves a review of Doerr's prior action in Richardson County District Court, case No. CI 16-69, which the district court in the current action agreed to judicially notice during the lower court hearing. This prior action was appealed to this court as case No. A-18-690, and although we summarily dismissed the appeal on January 4, 2019, on Doerr's own motion, our record of that appeal contains a transcript, which includes the complaint, court orders, and other documents which we find necessary to review in order to determine the instant appeal. In interwoven and interdependent cases, we may examine our own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties. *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb.

1, 938 N.W.2d 329 (2020). Additionally, an appellate court may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court. *Id*. Thus, our review of the instant case, in accordance with the district court's judicial notice of the prior lawsuit, involves our taking judicial notice of the transcript filed in case No. A-18-690.

In April 2016, Doerr filed a complaint in the Richardson County District Court against the City of Falls City, Nebraska, and the Falls City Airport Authority (collectively Falls City), alleging that Falls City was liable to Doerr under claims sounding in negligence and bailment. Specifically, Doerr alleged that Falls City lost or misplaced his airplane's logbooks, which Doerr placed in Falls City's custody or control, and that Falls City was responsible for the missing logbooks. Falls City denied the allegations and affirmatively alleged in its answer that the logbooks were given to Philip Chaffee, an independent contractor, in order for Chaffee to perform an annual inspection of Doerr's airplane. Falls City separately brought a third-party claim against Chaffee under an indemnity theory in the event it was found liable under Doerr's direct claim against Falls City. After filing the third-party claim against Chaffee, Falls City filed a motion requesting that Doerr add Chaffee as a direct defendant while arguing Chaffee was a necessary party to the civil action. In overruling Falls City's motion, the district court stated on the record:

> I think that . . . Chaffee is in this lawsuit and . . . he's subjected himself to the jurisdiction of the Court, and I think the whole purpose of a necessary party is to make sure, when the Court resolves the case, the Court has complete closure with all of the parties who are necessary to the lawsuit.

Following this ruling, even though Chaffee remained a third-party defendant through the duration of the civil action identified as case No. CI 16-69, Doerr never brought a direct claim against Chaffee within that action.

In November 2017, Falls City moved for summary judgment on the basis that there was no genuine issue as to any material fact in the case and that Falls City was entitled to judgment as a matter of law. Also in November, Doerr filed a motion to bifurcate trial on the issues of liability and damages and represented to the court that counsel for Falls City and Chaffee did not object to the court's granting the motion to bifurcate. Despite this motion to bifurcate, in a February 2018 order denying Falls City's motion for summary judgment, the court stated:

> The Court, on its own motion, hereby bifurcates the trial in this matter. First, the Court will hear evidence as to whether . . . Chaffee is an employee of [Falls City] and whether he possessed [Doerr's] logbooks within the scope of his employment. If the court determines that . . . Chaffee was not acting within the scope of his employment, if any, this matter will be dismissed. If the Court determines that . . . Chaffee was acting within the scope of his employment, the Court will set the remainder of the trial, as to whether there was a breach of duty, damages, and any other issues, at a later date.

The first part of the bifurcated trial, tried solely on the issue of whether Chaffee was acting within the scope of his employment, was held in March 2018. Following the completion of Doerr's case in chief, Falls City and Chaffee jointly moved for a directed verdict. On April 9, the district court found:

> Chaffee, while engaging in the business of repair and maintenance of aircraft, and conducting annual inspections, was not an agent or employee of [Falls City]. . . . Chaffee took [Doerr's] logbooks into his possession in his capacity as the owner of Falls City Aero Service. The Court grants a partial directed verdict on this issue.

However, the court found that reasonable minds could differ regarding whether Chaffee, in his capacity as the airport manager, was an employee or agent of Falls City and whether Falls City conferred apparent authority upon him. The court thus

set a hearing for May 8 for presentation of further evidence by Falls City and Chaffee. Following this hearing, on May 17, the district court dismissed Doerr's claim against Falls City, after finding Chaffee was not a Falls City employee, and correspondingly dismissed Falls City's indemnity claim against Chaffee.

After the court entered its order on April 9, 2018, but prior to entering its final dismissal order on May 17, Doerr filed a complaint as a separate civil action in the Richardson County District Court against Chaffee, case No. CI 18-60, alleging the same facts and theories he alleged against Falls City, although now bringing that claim as a direct claim against Chaffee. In May 2019, Chaffee filed a motion to dismiss case No. CI 18-60, alleging that the subsequent claim was barred by the doctrines of res judicata and laches.

A hearing on Chaffee's motion to dismiss was held on June 18, 2019. During the hearing, the court agreed to take judicial notice of case No. CI 16-69 and received five exhibits: Falls City's motion in case No. CI 16-69 to require Doerr to amend his complaint to add a necessary party identified as Chaffee; the bill of exceptions in case No. CI 16-69 from the July 26, 2016, hearing in which Falls City argued that Chaffee was a necessary party to the proceedings; the district court's order denying Falls City's motion to require Doerr to amend his complaint and add Chaffee as a necessary party; and copies of the defendant's and plaintiff's briefs provided in connection with their respective positions.

On September 16, 2019, the district court granted Chaffee's motion to dismiss with prejudice, finding that the claims raised in Doerr's complaint were barred by the doctrine of claim preclusion because (1) the prior judgment was rendered by a court of competent jurisdiction and, in fact, the current action arose out of the same set of facts and was brought in the same court as the prior action; (2) the former judgment was a final, appealable judgment; (3) the prior judgment was a judgment on the merits in that it decided the negligence cause of

action, and Doerr voluntarily dismissed his bailment cause of action; and (4) the same parties or privies were involved in the prior action, in that Chaffee was a party in the prior action and Doerr had an opportunity to make him a defendant and assert these same claims against him in the prior action but chose not to do so. The court also found that the doctrine of laches was not applicable as "the Court makes no finding that [Doerr] has acted with inexcusable neglect."

## ASSIGNMENT OF ERROR

Doerr's sole assignment of error is that the district court erred in granting Chaffee's motion to dismiss by finding that claim preclusion barred his claims against Chaffee.

## STANDARD OF REVIEW

[1] The applicability of claim and issue preclusion is a question of law. *Hill v. AMMC, Inc.*, 300 Neb. 412, 915 N.W.2d 29 (2018). On a question of law, an appellate court reaches a conclusion independent of the court below. *Id*.

## ANALYSIS

The facts governing our analysis are not in dispute. Doerr originally brought this claim against Falls City in case No. CI 16-69 seeking recovery from Falls City under theories of bailment and negligence and claiming that Falls City was responsible for his lost logbooks. Falls City denied the allegations and affirmatively pled that the logbooks were provided by Doerr directly to Chaffee, who was an independent contractor. Chaffee was made a third-party defendant in that lawsuit by Falls City under an indemnity claim, but Doerr failed to bring a direct claim against Chaffee within case No. CI 16-69.

Following the district court's order issued on April 9, 2018, wherein it found Chaffee was not a Falls City employee, but prior to the court's dismissal order involving case No. CI 16-69 issued on May 17, Doerr filed, as a separate civil action, a complaint against Chaffee identified as case No. CI 18-60, alleging the same facts and grounds alleged in case No. CI 16-69,

albeit now filed as a claim directly against Chaffee and not against Falls City. The legal question presented in Doerr's sole assignment of error is whether that second claim is barred by the doctrine of claim preclusion under these undisputed facts. We find that it is.

[2-4] Claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Marie v. State*, 302 Neb. 217, 922 N.W.2d 733 (2019). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id*. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Id*.

[5-7] In *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015), the Nebraska Supreme Court noted that in the past, Nebraska courts have referred to the concepts of claim preclusion and issue preclusion as res judicata and collateral estoppel, respectively. The court further explained:

> Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication. Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. While the doctrines are similar and serve similar purposes, they are distinct. Among other differences, claim preclusion looks to the entire cause of action, but issue preclusion looks to a single issue.

*Id.* at 85, 864 N.W.2d at 654-55.

Here, Doerr concedes the first two factors, i.e., that the former judgment was rendered by a court of competent jurisdiction and that the former judgement was a final judgment. However, Doerr argues that

the final order dismissed Doerr's *negligence* and *bailment* claims against the City of Falls City and the Falls City Airport Authority, which in turn dismissed the City's and the Airport Authority's *indemnification* claim against Chaffee. The final order entered by the Court in Doerr's case against the City and the Airport Authority did not act, and was not, a former judgment *on the merits* of any claims or causes of action for negligence or bailment against Chaffee.

Brief for appellant at 9 (emphasis in original). Doerr contends:

By ultimately finding that Chaffee was not an employee of the City or the Airport Authority, the trial court [in the prior case] held that Doerr was barred from recovering from the City or the Airport Authority under the Political Subdivisions Tort Claims Act. While Doerr and Chaffee are the same parties involved in both the present action and the prior action, the district court failed to follow through with the proper "*on the merits*" analysis required for claim preclusion to apply in this case.

Brief for appellant at 10 (emphasis in original). Doerr further argues that "[t]he issues of negligence and bailment that Doerr raised against the City and the Airport Authority do not go to the merits of the indemnification claim that the City/Airport Authority alleged against Chaffee." *Id*.

In short, Doerr argues that although his claims of negligence and bailment were resolved on the merits in a court of competent jurisdiction against Falls City, those same claims were not resolved on the merits against Chaffee. As such, Doerr argues that although Chaffee was a party to the proceedings, because the district court's resolution on the merits did not directly apply to its claim against Chaffee, the doctrine of claim preclusion does not apply to bar his claim now.

In support of his contention, Doerr directs us to *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 86, 864 N.W.2d 642, 655 (2015), wherein the Nebraska Supreme Court held, "'"In order that parties for or against whom the doctrine of res

judicata is sought to be applied may be regarded the same in both actions, the general rule is that they must be parties to both actions *in the same capacity or quality.*"'" (Emphasis in original.) Doerr argues that although Chaffee was a party to the prior proceedings, Chaffee was not a party in the same "capacity" as he is now and the merits of the case were not resolved in relation to him. Accordingly, Doerr concludes that under these circumstances, claim preclusion does not apply. Contrary to Doerr's assertion, the Nebraska Supreme Court's statement cited by Doerr was made in reference to identifying whether the parties to the prior and subsequent actions are the same. In *McGill*, the court found the plaintiff brought the first claim against the defendant in his individual capacity and the second claim alleging the same cause of action against the defendant in a derivative capacity. As such, the basis of the court's holding in *McGill* was not whether the specific claim was litigated against all parties in the prior proceeding, but whether all parties in the prior and subsequent proceedings were the same. Here, there is no question that Doerr and Chaffee were parties to both proceedings.

[8,9] Contrary to Doerr's argument, the Nebraska Supreme Court also held in *McGill v. Lion Place Condo. Assn.*, 291 Neb. at 87, 864 N.W.2d at 656 (2015), that "the basis of the doctrine of res judicata is that the party to be affected, or someone with whom he or she is in privity, has litigated or has had an opportunity to litigate the same matter in a former action." "Both claim preclusion and issue preclusion require an identity or privity of parties." *Id.* at 86, 864 N.W.2d at 655.

Applying prior jurisprudence governing the doctrine of claim preclusion to the case at bar, all four elements of claim preclusion are met here. In case No. CI 16-69, the district court rendered a final judgment governing Doerr's claims grounded in negligence and bailment concerning the same facts and legal causes of action subsequently filed in case No. CI 18-60. Although Doerr chose to not pursue those same claims against Chaffee directly at the time he filed and

litigated the case against Falls City, the claim was decided on the merits in a case in which Chaffee was added and involved as a party. As we previously noted, "the basis of the doctrine of res judicata is that the party to be affected, or someone with whom he or she is in privity, has litigated *or has had an opportunity to litigate the same matter in a former action.*" *McGill v. Lion Place Condo. Assn.*, 291 Neb. at 87, 864 N.W.2d at 656 (emphasis supplied).

The dissent is persuaded that there is legal significance to the district court's denial of Falls City's motion to add Chaffee as a direct defendant under the rules governing necessary parties; to the fact that Doerr's separate claim was filed by Doerr in case No. CI 18-60 prior to the court's order of dismissal in case No. CI 16-69; and to the fact that the district court never directly addressed Doerr's cause of action against Chaffee in case No. CI 16-69—only his claim against Falls City which arose from the same facts. We respectfully disagree.

As seen from the text of its order, the district court denied Falls City's motion to add Chaffee as a direct party not because the court found Chaffee was not a necessary party, but because Chaffee had already been added as a party to the proceedings and had been subjected to the court's jurisdiction. The district court surmised, "I think the whole purpose of a necessary party is to make sure, when the Court resolves the case, the Court has complete closure with all of the parties who are necessary to the lawsuit." As we stated before, because Chaffee was added as a party to these proceedings, Doerr was bound by the doctrine of claim preclusion if all four elements governing that doctrine were present. Application of the elements likewise resolves the issue governing Doerr's filing of a separate civil action just prior to the court's order of dismissal in case No. CI 16-69. By refusing to file a direct claim against Chaffee in case No. CI 16-69, which claim involved the same factual matter, Doerr was bound by the doctrine of claim preclusion once the district court's judgment in case No. CI 16-69 became final. And because the doctrine has

been applied to bar not only relitigation of claims that were brought in the prior proceeding, but, also, to include claims which could have been brought against parties to the proceeding involving the same subject matter, we find the dissent's concern—that Doerr's direct claim against Chaffee has not yet been litigated—as not dispositive.

Here, Doerr litigated the matter of the lost logbooks against Falls City in case No. CI 16-69 and had the opportunity to litigate that same matter against Chaffee, who was a party and was involved in that same proceeding. Although the district court did not decide Doerr's claim against Chaffee on the merits in the prior proceeding, it did decide that claim on the merits against Falls City, another party in the proceeding, and did not reach the claim against Chaffee simply because of Doerr's decision not to raise it in that proceeding. Because Doerr had the opportunity in case No. CI 16-69 to litigate his claim against Chaffee involving the same matter in a former action, he is precluded from doing so now.

## CONCLUSION

Having found the district court did not err in finding Doerr's claim against Chaffee is barred by the doctrine of claim preclusion, we affirm the order of the district court.

Affirmed.

Bishop, Judge, dissenting.

I respectfully dissent from the majority opinion because I agree with Doerr that the May 17, 2018, judgment entered in case No. CI 16-69 was not a final judgment on the merits of his claims for negligence or bailment against Chaffee. Thus, Doerr's complaint against Chaffee filed on April 27 in case No. CI 18-60, before final judgment was entered in case No. CI 16-69, should be allowed to proceed. Although the majority acknowledges that the district court did not decide Doerr's claim against Chaffee on the merits, the majority concludes that since Doerr had the opportunity to raise that claim in case No. CI 16-69 and chose not to raise it, he was precluded

from bringing a separate action against Chaffee in case No. CI 18-60. In my opinion, there are several factors that work against dismissal under claim preclusion principles.

First, the complaint in case No. CI 16-69 was brought against Falls City under the Political Subdivisions Tort Claims Act. After Falls City filed its third-party complaint against Chaffee seeking possible indemnification from him, it then filed a motion asking the court to require Doerr to amend his complaint to add Chaffee as a necessary party. The district court denied that request. As noted by the majority, the rationale of the court at that time was that Chaffee had "subjected himself to the jurisdiction of the [c]ourt" and that the "purpose of a necessary party is to make sure, when the [c]ourt resolves the case, the [c]ourt has complete closure with all of the parties who are necessary to the lawsuit." However, that decision missed the point of adding Chaffee as a necessary defendant in the action, alongside Falls City, rather than leaving Chaffee in the action solely as a third-party defendant subject only to a possible indemnification claim against him by Falls City. Therefore, given that a somewhat misleading order already existed denying a request to have the operating complaint amended to add Chaffee as a direct defendant in case No. CI 16-69, it is understandable that Doerr elected to file a separate action against Chaffee rather than seek to amend his complaint in the pending action under the Political Subdivisions Tort Claims Act. Notably, Doerr filed his action against Chaffee on April 27, 2018, before the district court reached its final decision in case No. CI 16-69 on May 17.

Second, while Doerr acknowledges that claim preclusion bars not only those matters actually litigated, but also those which might have been litigated, he contends that the procedural aspects of case No. CI 16-69 resulted in that case being decided on the "narrow issue as to whether . . . Chaffee was an employee or independent contractor." Brief for appellant at 12. He suggests that the bifurcation of the case "steered away from the merits as it relates to Chaffee." *Id*. at 10. I agree. The

district court decided to bifurcate the trial in case No. CI 16-69 into two parts: (1) to first consider whether Chaffee was an employee of the defendants and whether his possession of the logbooks was within the scope of his employment, and (2) to then consider whether there was a breach of duty and damages. A partial directed verdict was entered on April 9, 2018, which left open the issue of whether Chaffee, in his capacity as airport manager, was an employee or agent of Falls City or whether Falls City conferred apparent authority upon him. The parties were given an opportunity for further hearing to put on evidence of Chaffee's status. Shortly thereafter, Doerr filed his complaint against Chaffee in case No. CI 18-60. Then, on May 17, the district court entered an order concluding that Chaffee was not an employee of Falls City and entered judgment in favor of Falls City. And because Doerr did not recover a judgment against Falls City, the court ordered that Chaffee was not liable to Falls City and thus the indemnification claim was also dismissed with prejudice. Issues related to Chaffee's liability under claims of negligence or bailment were never adjudicated or determined.

Finally, I agree with Doerr that although he and Chaffee were parties in both actions, they "were not and are not in the same capacity or quality." Brief for appellant at 11. See *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015) (in order that parties for or against whom doctrine of claim preclusion is sought to be applied may be regarded same in both actions, general rule is that they must be parties to both actions in same capacity or quality). Doerr points out that Chaffee was added as a third-party defendant by Falls City on its claim for indemnification in case No. CI 16-69, and he contends that is different from Chaffee's capacity as a defendant in case No. CI 18-60. In other words, Chaffee's capacity as a third-party defendant for possible indemnification resulting from his duty as an employee or agent of Falls City is distinguishable from his capacity as a defendant in the present action where liability would depend upon his duty

owed directly to Doerr. I find this argument persuasive in the present case for two reasons. First, an effort to have Doerr add Chaffee as a defendant in case No. CI 16-69 was denied by the district court, as discussed previously. Also, Chaffee's duty, if any, to Doerr was never adjudicated in the prior proceeding; rather, case No. CI 16-69 turned solely on the district court's consideration and determination of Chaffee's capacity in terms of the nature of his relationship with Falls City.

In summary, the factors described above lead me to the conclusion that there has not been a final judgment on the merits with regard to Doerr's claims against Chaffee and that Doerr should not be barred from pursuing the present action simply because he elected to file a separate action against Chaffee before final judgment was reached in case No. CI 16-69. I appreciate that the doctrine of claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. However, subjecting Chaffee to Doerr's present action would not be vexing him twice for the same cause. Chaffee has not been subjected to any adjudication related to his potential liability for the missing logbooks; rather, the only adjudication to date involved examining and determining Chaffee's working relationship with Falls City. While limits on litigation are desirable, a person should not be denied a day in court unfairly. See *McGill v. Lion Place Condo. Assn., supra*. I would therefore reverse the decision of the district court and remand the cause for further proceedings.